[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence December 8, 1995 Date of Application December 19, 1995 Date of Decision November 28, 2000
Application for review of sentence imposed by the Superior Court, at Hartford.
Docket No. CR95-474811.
Margaret Levy, Defense Counsel, for Petitioner.
Victor Carlucci, Jr., Assistant State's Attorney, for the State.
 BY THE DIVISION
The petitioner, after pleading to felony murder (§ 53a-54c) and conspiracy to commit murder (§§ 53a-48 and 53-54a), was sentenced to a term of forty years on the felony murder count and twenty years concurrent on the conspiracy count, for a total effective sentence of forty years. This was a court indicated sentence (with the right to CT Page 16032 argue).
The petitioner, along with a co-defendant, both armed with handguns, devised a plan to lure someone who came to the area to buy drugs, into a hallway and then rob that person at gun point. The 35 year old victim came to the scene indicating he wanted to purchase narcotics. The petitioner and his co-conspirator got into the victim's car, and demanded his money at gunpoint. When he refused the petitioner shot him in the neck at point blank range. The victim drove a short distance before crashing his vehicle and died from the gunshot.
His attorney asks the Division to consider that he was a young man at the time (20 at the time of sentencing) and his youthful immaturity led him to fabricate his version of the incident, that he is now, at age 25, a changed person, no longer with a gang affiliation, and no longer a threat in the community.
The petitioner expressed his remorse and asked for a chance to show he can act within the law.
The state's attorney points out that his remorse is post-sentence and that the sentence was fair, reasonable and appropriate for the crime and the petitioner's background. The Division agrees with the state.
We take this opportunity to remind counsel that we do not sit as a Board of Parole and do not consider the petitioner's post-sentencing involvement in various programs within the Department of Corrections.
This was a cold blooded murder. The petitioner got substantial consideration for pleading guilty, even though he claimed it was an accident. He had accumulated a criminal record even at his young age, which included larceny, assault, interfering and failure to appear. He had assaulted his girlfriend by stabbing her with a knife.
The authority of the Review Division is limited to a determination of whether the sentence is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended.
We conclude the sentence was neither inappropriate nor disproportionate. It is affirmed.
Klaczak, Norko and Iannotti, J.s. participated in this decision.